Not for Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                    )
IN RE:                              )     CASE NO.        02-32865 (LMW)
                                    )
  KENNETH R. BIEBEL and             )     CHAPTER         7
  ANN M. BIEBEL,                    )
                                    )
        DEBTORS.                    )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                    )
  BARBARA H. KATZ, TRUSTEE,         )     ADV. PRO NO.    08-3115
                                    )
        PLAINTIFF                   )     DOC. I.D. NO.   145
                                    )
    vs.                             )
                                    )
  JOHN C. KUCEJ,                    )
                                    )
        DEFENDANT.                  )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## APPEARANCES

Christopher L. Brigham, Esq.                    Counsel for Plaintiff
Updike, Kelly & Spellacy, P.C.
One Century Tower
265 Church Street, 10th Floor
New Haven, CT 06510


John C. Kucej, Esq.                             *Pro Se* Defendant
95 North Main Street
Waterbury, CT 06702


## BRIEF MEMORANDUM AND ORDER
## GRANTING STAY PENDING APPEAL

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** the above-referenced adversary proceeding (the "Adversary Proceeding") is an action by the above-referenced plaintiff/chapter 7 trustee (the "Trustee") to permanently enjoin a pending state-court action (the "State Court Action") filed against her by the above-referenced defendant (the "Defendant"). The Trustee proceeds on the authority of *Barton v. Barbour,* 104 U.S. 126 (1881), and its progeny to the effect that the Trustee could not be sued in state court without this court's prior approval (which in this case had not been obtained) (the "Barton Doctrine");

**WHEREAS,** on May 19, 2009, this court granted the Trustee's motion for summary judgment in the Adversary Proceeding, *see Katz v. Kucej (In re Biebel),* No. 08-3115, 2009 WL 1451637 (Bankr. D. Conn. May 20, 2009) (the "Decision"), and issued a separate order (Doc. I.D. No. 134, the "Injunction Order") which (among things) ordered that "the Defendant shall take whatever steps are necessary to obtain the dismissal and/or withdrawal of the . . . [State Court Action] and such dismissal and/or withdrawal is to occur on or before June 5, 2009 (subject only to the convenience of the Superior Court) [the "Dismissal Provision"] . . . . " (Doc. I.D. No. 134.);

**WHEREAS,** on May 28, 2009, the Defendant filed a motion to reconsider the Decision and the Injunction Order. (*See* Doc. I.D. No. 138, the "Motion To Reconsider.") On July 8, 2009, the Defendant filed a motion for stay in respect of the Dismissal Provision. (*See* Doc. I.D. No. 145, the "Motion for Stay.");

**WHEREAS,** the court denied the Motion To Reconsider by order issued on July 16, 2009. (*See* Doc. I.D. No. 150.) The Defendant filed a notice of appeal with respect to that order on July 24, 2009. (*See* Doc. I.D. No. 153, the "Appeal.");

**WHEREAS,** the Motion for Stay came on for a hearing (the "Hearing") on July 29, 2009

and was taken under advisement;[1]

**WHEREAS,** to date enforcement of the Dismissal Provision has not been stayed by order

of the court or otherwise. *Cf.* Fed. R. Civ. P. 62 (a)(1), (b)(3) (made applicable here by Rule 7062

of the Federal Rules of Bankruptcy Procedure). However, to date the Trustee has not sought to

enforce the Dismissal Provision;

**WHEREAS,** the Trustee argues that the matter is moot because a stay in respect of the

Injunction Order was not obtained on or prior to June 5, 2009. The court believes that the Trustee's

emphasis is misplaced: the Trustee has not yet taken any steps to enforce the Dismissal Provision

and this court has the discretion to order (if otherwise appropriate) that such state of non-

enforcement continue pending adjudication of the Appeal;

**WHEREAS,**

Four criteria are relevant in considering whether to issue a stay . . . pending appeal:
the likelihood of success on the merits, irreparable injury if a stay is denied,
substantial injury to the party opposing a stay if one is issued, and the public interest.
*Mohammed v. Reno,* 309 F.3d 95, 100 (2d Cir. 2002 ["*Reno*"]). "[L]ikelihood of
success on the merits" is a flexible factor: "The probability of success that must be
demonstrated is inversely proportional to the amount of irreparable injury plaintiff[]
will suffer absent the stay. Simply stated, more of one excuses less of the other."
*Id.* at 101 (citation and internal quotation marks omitted) (alteration in original). It
has been held that all four factors must be satisfied for a stay pending appeal. *See
Daly v. Germain (In re Norwich Historic Preservation Trust, LLC),* No. 3:05cv12
(MRK), 2005 WL 977067, at *3 (D. Conn Apr. 21, 2005). It also has been held that
the most "salient" factor, which is a "threshold" one, is "irreparable harm." *See In
re Koper,* 286 B.R. 492, 496-97 (Bankr. D. Conn. 2002) (Dabrowski J.). *See also*

---

[1]    The Motion for Stay originally sought a stay in respect of the Injunction Order while
the Motion To Reconsider was being adjudicated. However, the Motion To Reconsider was
disposed of prior to the Hearing. Under the circumstances, the court deems it just and appropriate
to construe the Motion for Stay as a motion for stay pending appeal.

> *In re Altman,* 230 B.R. 17, 19 (Bankr. D. Conn. 1999) (Shiff, J.) ("A showing of
> probable irreparable harm is the principal prerequisite for the issuance of a stay.").

*In re Klinger,* No. 01-32463, 2007 WL 2262519, at \*5 (Bankr. D. Conn. Aug. 6, 2007);

**WHEREAS,** although the court remains confident with respect to the findings and conclusions set forth in the Decision (including the issuance of the Injunction Order prior to discovery), it cannot be said that the Appeal is plainly frivolous;

**WHEREAS,** the Defendant fears that if he is required to dismiss the State Court Action now, by the time the Appeal is adjudicated his alleged cause of action against the Trustee will be time barred.  At the Hearing, the Trustee specifically declined to waive any such statute of limitations defense.  (*See* Oral Record at 11:25:46 *et seq*.)  The foregoing constitutes probable irreparable harm to the Defendant.  Accordingly, taking into account the level of probable harm to the Defendant, the court concludes that the first and second *Reno* prongs are satisfied;

**WHEREAS,** the Defendant has undertaken not to take any action whatsoever to prosecute the State Court Action during the pendency of the Appeal and any related stay.  Accordingly, the Trustee would not be injured by a stay pending appeal and the third *Reno* prong is satisfied;

**WHEREAS,** because the State Court Action would not be prosecuted during the temporary stay, the Trustee's rights under the Barton Doctrine will not be further undermined.  Accordingly, the public interest underlying the Barton Doctrine would be appropriately vindicated and the fourth *Reno* prong is satisfied;

**NOW, THEREFORE,** for the reasons set forth above, it hereby is **ORDERED** that the Motion for Stay is granted to the extent set forth below; and it is further

**ORDERED** that the Trustee shall not seek to enforce the Dismissal Provision during the period while the Appeal is pending in the District Court; *provided, further,* that the Defendant shall

take no action whatsoever (directly or indirectly) to prosecute the State Court Action (other than to prosecute the Appeal) while the foregoing stay is in effect; *provided, further*, notwithstanding the foregoing, the remainder of the Injunction Order remains in full force and effect; and it is further

**ORDERED** that the Clerk's Office shall serve this order on: the Trustee; her counsel; the Defendant and the United States Trustee.

Dated: August 4, 2009                                  BY THE COURT

**Lorraine Murphy Weil**
**United States Bankruptcy Judge**